UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIA CUSTODIO,                          )
        Plaintiff,                       )
                                         )
            v.                           )        C.A. No. 07-11876-MLW
                                         )
MICHAEL J. ASTRUE, COMMISSIONER          )
SOCIAL SECURITY ADMINISTRATION           )
        Defendant.                       )

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 27, 2010

I.   INTRODUCTION

     Plaintiff Maria C. Custodio ("Custodio") filed a motion to
reverse or remand the final decision of the Commissioner of the
Social Security Administration (the "Commissioner") denying her
application for Social Security Disability Insurance Benefits under
42 U.S.C. §§405(g) and 1383(c)(3). The Commissioner filed a motion
to affirm the decision. For the reasons discussed below,
plaintiff's motion to reverse and remand is being denied and
defendant's motion to affirm the decision is being allowed.

II.  FACTS AND PROCEDURAL HISTORY

     Plaintiff filed an application for Social Security Disability
Insurance Benefits on November 16, 2004. Tr. at 50-54. She has not
worked since July 15, 2004. Id. at 81. Plaintiff alleged a
disability arising from a right elbow injury, lupus, fibromyalgia,
and depression. Id. at 33. The Commissioner denied plaintiff's
application on May 18, 2005. Id. On August 5, 2005, the

Commissioner, after reconsideration, again denied the application. Id. at 37.

An administrative hearing was held before Administrative Law Judge ("ALJ") Barry H. Best on April 11, 2007. On May 22, 2007, the ALJ denied plaintiff's application, finding that she did not meet the requirements of the "five-step sequential evaluation process for determining whether an individual is disabled" and, therefore, was not disabled. Tr. at 11. The sequential evaluation was performed pursuant to 20 C.F.R. §§ 404.1520 and 416.920. Steps one through five address whether: (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe; (3) the claimant's impairment or combination of impairments meets or medically equals the criteria listed in 20 C.F.R. §404 Subpart P, Appendix 1; (4) the claimant's residual functional capacity allows her to perform the requirements of her past relevant work; and (5) the claimant is able to perform any other work. Tr. at 12-13.

The ALJ found that plaintiff satisfied steps one and two because she was not engaged in substantial gainful activity and suffered from two severe impairments - namely, lupus and a right elbow injury. Id. at 13. At step three, the ALJ determined that these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. §404, Subpart P, Appendix 1 and,

therefore, did not automatically render plaintiff disabled. Id. At step four, the ALJ found that plaintiff's impairments precluded a return to her past relevant work. Id. at 19. The ALJ continued to step five and found that, considering plaintiff's age, education, work experience, and residual functional capacity, she was capable of performing other jobs that exist in significant numbers in the national economy. Id. at 20. Because the ALJ found that she was "capable of making a successful adjustment to other work," plaintiff was determined to be "not disabled under sections 216(i) and 223(d) of the Social Security Act." Id. at 20-21.

The ALJ's decision became final when plaintiff's request for review was denied by the Appeals Council on August 23, 2007. Tr. at 4. Plaintiff timely filed the instant petition, alleging that the ALJ erred at the fifth step. See Pl.'s Mot. for J. at 5-6. Specifically, plaintiff claims that the ALJ's decision should be reversed or remanded based on the following errors: (1) incorrect characterization of plaintiff's education as "limited" rather than "marginal"; (2) lack of a legally sufficient explanation why plaintiff is not credible; and (3) improper finding that jobs suitable for plaintiff exist in significant numbers in the economy. Id. at 6-7.

The Commissioner subsequently filed a motion to affirm the decision.

III. ANALYSIS

"Judicial review of Social Security administrative decisions is authorized by 42 U.S.C. §405(g)." Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court's review is "limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (citing Manso-Pizarro v. Secretary, 76 F.3d 16, 16 (1st Cir. 1996)).

A reviewing court must affirm the Commissioner's decision if it is supported by "substantial evidence" in the record. 42 U.S.C. §405(g); Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Commissioner is entitled to weigh the evidence and to resolve conflicts in the medical evidence and testimony. See Pagan, 819 F.2d at 3. In addition, the Commissioner may properly consider questions of demeanor and credibility, and his conclusions regarding demeanor and credibility are entitled to deference by a reviewing court. See Crespo v. Sec'y of Health & Human Servs., 831 F.2d 1, 7 (1st Cir. 1987). The Commissioner's decision must be affirmed "even if the record arguably could justify a different conclusion, so long as it is

4

supported by substantial evidence." <u>Pagan</u>, 819 F.2d at 3.

The Commissioner's discretion, however, is not boundless, and an ALJ "must explain the basis for his findings." <u>Crosby v. Heckler</u>, 638 F.Supp. 383, 385-86 (D. Mass. 1985). "Failure to provide an adequate basis for the reviewing court to determine whether the administrative decision is based on substantial evidence requires a remand. . . for further explanation." <u>Id.</u> In addition, "[t]he ALJ's findings of fact. . . are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." <u>Nguyen</u>, 172 F.3d at 35.

Further, demeanor and credibility determinations "must be supported by substantial evidence and the ALJ must make specific findings as to the relevant evidence he considered in determining to disbelieve [the claimant]." <u>DaRosa v. Sec'y of Health & Human Servs.</u>, 803 F.2d 24, 26 (1st Cir. 1986). "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. . . The determination or decision must contain specific reasons for the finding, supported by evidence in the case record, and must be sufficiently specific to make clear. . . the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996).

A.   <u>Plaintiff's Education</u>

Education is a "vocational factor" used to determine a

claimant's ability to obtain employment. See 20 C.F.R. §404.1564.
Plaintiff argues that the ALJ erred in finding her education to be
"limited" rather than "marginal." The difference between "marginal"
education and "limited" education is one of degree:

> Marginal education means ability in reasoning, arithmetic,
> and language skills which are needed to do simple,
> unskilled types of jobs. [The Social Security
> Administration] generally consider[s] that formal
> schooling at a 6th grade level or less is a marginal
> education. . .
>
> Limited education means ability in reasoning, arithmetic,
> and language skills, but not enough to allow a person with
> these educational qualifications to do most of the more
> complex job duties needed in semi-skilled or skilled jobs.
> [The Social Security Administration] generally consider[s]
> that a 7th grade through the 11th grade level of formal
> education is a limited education.

20 C.F.R. §404.1564(b). Lack of formal schooling is not
dispositive. See §404.1564(a). The ALJ also may consider previous
work experience or other evidence of reasoning ability,
communication skills, and arithmetic ability. See id.

Plaintiff received a sixth grade education in her native
Portugal. Tr. at 336. She also attended night school in the United
States and is able to read and write English. Id. Her employment
history includes semiskilled work as a stitcher in a textile mill.
Id. at 354. In view of the foregoing, the ALJ's finding that
plaintiff had "limited" education was justified.

Because the ALJ reasonably found that plaintiff had "limited"
education within the meaning of 20 C.F.R. §404.1564(b), the court
need not address the Commissioner's alternative argument that the

distinction between a finding of "limited" education and a finding of "marginal" education is immaterial.

    B.   <u>Plaintiff's Credibility</u>

    Plaintiff argues that the ALJ did not provide a legally sufficient explanation for his finding that plaintiff's testimony regarding the severity of her pain was not credible, as required by 20 C.F.R. §404.1529(c) and SSR 96-7p, 1996 WL 374186 (July 2, 1996). Specifically, she contends that the ALJ failed to review the "entire record" and did not reference testimony from plaintiff's sister to the effect that plaintiff has become reclusive and has difficulty with everyday tasks. Pl.'s Mot. for J. at 9.

    The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." Tr. at 18. In reaching this conclusion, the ALJ explained that, "[t]he alleged limitations in sitting, attention, concentration, dealing with others, lifting and carrying are not substantiated by the medical evidence to the degree alleged." <u>Id.</u> Plaintiff contends that she has "trouble holding a cup, buttoning a button, caring for her personal hygiene." Pl.'s Mot. for J. at 9. However, the ALJ found that plaintiff "is able to take care of her personal hygiene and grooming. She is able to handle her household expenses and finances without assistance. . . she drives a car to the pharmacy and takes her father to his doctor's appointments." Tr. at 18. The ALJ also found that

plaintiff's testimony regarding her incapacity, reclusiveness, and mental instability was "contradicted multiple times throughout the evidence of record." Id. at 17. In particular, the ALJ relied upon the assessment of a physician who found only "mild limitations in plaintiff's daily activities, social functioning, concentration, persistence and pace." Id.

As to plaintiff's sister, the record reveals that she was questioned by the ALJ, id. at 350, who may simply have found her testimony unpersuasive or duplicative and chosen not to address it in the record. Such a finding is not inconsistent with the ALJ's duty to review the entire record and does not undercut the adequacy of the ALJ's credibility determination.

A reasonable person could decide that, based on the disparity between plaintiff's testimony and the objective medical findings, plaintiff was not credible. See Rodriquez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). The ALJ also made the necessary specific findings as to much of the relevant evidence considered in determining to disbelieve plaintiff. See DaRosa, 803 F.2d at 26. He was not required to address every piece of evidence. See Rodriquez v. Sec'y of Health & Human Servs., 915 F.2d 1557, at *1 (1st Cir. 1990) (table) ("An ALJ is not required to expressly refer to each document in the record, piece-by-piece"); DaSilva-Santos v. Astrue, 596 F. Supp. 2d 181, 188 (D. Mass. 2009) ("The hearing officer was not obligated. . .to address directly every

piece of evidence. . . . Omissions [from the record] do not prove that the decision lacked substantial evidentiary support"); <u>Coggon v. Barnhart</u>, 354 F. Supp. 2d 40, 55 (D. Mass. 2005) ("A hearing officer 'can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party'") (quoting <u>NLRB v. Beverly Enters.-Massachusetts, Inc.</u>, 174 F.3d 13, 26 (1st Cir. 1999)).

Therefore, the ALJ's decision to disbelieve plaintiff's testimony was based on substantial evidence and was adequately explained. <u>See, e.g.</u>, <u>Frustaglia v. Sec'y of Health & Human Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987); <u>Fitfield v. Astrue</u>, C.A. No. 08-30078-KPN, 2009 WL 763096, at *9 (D. Mass. 2009, Mar. 19, 2009).

C.   <u>Employment Suitable for Plaintiff</u>

Plaintiff also argues that the ALJ's finding that a significant number of jobs suitable for plaintiff exists in the national economy is inadequately supported by evidence. Plaintiff contends that defendant failed to identify such jobs, as required by 20 C.F.R. §404.1560(c)(2).

"The applicant has the burden of production and proof at the first four steps of the [disability determination] process. . . . [T]he Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." <u>Freeman v. Barnhart</u>, 274 F.3d 606, 608 (1st Cir. 2001). Pursuant to 20 C.F.R. §§404.1560(c) and

404.1566, the ALJ was required to consider plaintiff's age, education, work experience, and residual functional capacity. He did so. Tr. at 20.

The ALJ employed a vocational expert to determine whether there is a significant number of jobs in the national economy which accommodate plaintiff's residual functional capacity and vocational factor. Tr. at 20. The vocational expert testified as to the availability of jobs suited to a person of plaintiff's age, education, work experience, and residual functional capacity. Id. at 354. Specifically, the vocational expert identified "assembly press operator" and "inspector" as jobs suited to a person in plaintiff's position. Id. at 354-55. Although the vocational expert testified that plaintiff could perform only "very selected [sic] types of jobs," and noted that certain press operator positions could require "light" rather than "sedentary" work and thus be unsuited to plaintiff, she concluded that plaintiff could perform at least some work readily available in the region. Id. The vocational expert estimated that, in southeastern Massachusetts and Rhode Island, 500 inspector positions existed and were classifiable as "sedentary," in addition to an unspecified number of "sedentary" press operator positions.[1] Id.

"The First Circuit has offered no magic number or test to

---

[1] The expert did not specify what percentage of 500 estimated press operator positions were classifiable as "sedentary," as opposed to "light," and thus suited to plaintiff.

determine what minimum number of jobs is necessary for the [Social Security Administration] to meet its burden." <u>Racicot v. Astrue</u>, C.A. No. 04-11556-RWZ, 2007 WL 2712488, at *6 (D. Mass. Sept. 4, 2007). Other courts have split on this issue, depending on differing factual circumstances. <u>Compare</u> <u>Jenkins v. Bowen</u>, 861 F.2d 1083, 1087 (8th cir. 1988) (finding 500 jobs in claimant's local area to constitute a significant number), <u>with</u> <u>Hall v. Bowen</u>, 837 F.2d 272, 275 (6th Cir. 1988) (finding 1350 to 1800 jobs in local region not to constitute a significant number). Factors to consider include: "the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling [sic] to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." <u>Racicot</u>, 2007 WL 2712488, at *6 (quoting <u>Hall</u>, 837 F.2d at 275)).

In this case, the vocational expert's testimony was not disputed by any other expert, and the number of approximate jobs she opined were available was not contradicted by any evidence in the record. The evidence indicated that plaintiff was capable of driving and, indeed, took her father to doctors' appointments. <u>See</u> Tr. at 18. This supports the ALJ's implicit finding that she could drive throughout southeastern Massachusetts and Rhode Island to work. There is no evidence indicating that the jobs deemed suitable

were in isolated areas or in otherwise generally inaccessible areas. In these circumstances, the ALJ's decision that plaintiff was employable is sufficiently supported by the record. See Hall, 837 F.2d at 275 (6th Cir. 1988).

IV.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Judgment (Docket No. 7) is DENIED.

2. Defendant's Motion for an Order Affirming the Decision of the Commissioner (Docket No. 9) is ALLOWED.


                           /s/ Mark L. Wolf
                        UNITED STATES DISTRICT JUDGE